IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK MILLER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 13-1938-LPS |
| | : |
| PENNYMAC CORP., | : |
| | : |
| Defendant. | : |

Mark L. Miller, Pro Se Plaintiff, Millsboro, Delaware.

David A. Dorey and Adam V. Orlacchio, Esquires, Blank Rome LLP, Wilmington, Delaware. Attorneys for Defendant.

**MEMORANDUM OPINION**

January 21, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Mark L. Miller ("Plaintiff") proceeds *pro se* and has paid the filing fee. He filed this lawsuit pursuant to 28 U.S.C. § 1331 asserting a federal question he contends arises under the laws of the United States. (D.I. 1) Plaintiff challenges a judgment issued in Delaware State Court as "void for lack of subject matter jurisdiction and for want of jurisdiction over the parties." (*Id.* at ¶ 30)

## II. BACKGROUND

Plaintiff initiated this lawsuit on November 19, 2013. (D.I. 1) Prior to filing this lawsuit, the Superior Court in and for Sussex County, Delaware ("Superior Court") had entered judgment in favor of Defendant (the plaintiff in the State court case) and against Plaintiff in the amount of $477,006.46. *See Miller v. PennyMac Corp.*, 2013 WL 5234437 (Del. Sept. 16, 2013). Plaintiff appealed the decision to the Supreme Court of the State of Delaware. The Delaware Supreme Court set forth the following facts:

> On February 12, 2007, the Millers executed and delivered a mortgage agreement to Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit. The mortgage document secured Mark Miller's obligations under a note and became a first priority lien on the Millers' property. The Millers stopped making payments on the loan in July 2008. In December 2008, the Millers were notified that they were in default. The default was not cured, and the loan was accelerated. On May 11, 2009, American Brokers Conduit assigned the mortgage to CitiMortgage. In November 2011, CitiMortgage filed a complaint against the Millers seeking all sums due under the mortgage. On October 4, 2012, CitiMortgage assigned the mortgage to PennyMac. The Superior Court, over the Millers' objection, permitted PennyMac's substitution as plaintiff in the case.

1

> Following a trial on January 24, 2013, the Superior Court entered a judgment in PennyMac's favor in the amount of $477,006.46.

*Id.* at *1.

Plaintiff raised three issues on appeal: (1) the Superior Court erred in allowing PennyMac to be substituted for CitiMortgage as the plaintiff; (2) the Superior Court erred in refusing to grant the Millers' request for a continuance and in denying their request to amend their answer; and (3) the Superior Court erred in failing to accept the Millers' defense of avoidance of the mortgage. *Id.* The Delaware Supreme Court affirmed the Superior Court, finding: (1) no error of law in the Superior Court's conclusion that PennyMac was the holder in due course of the note and the mortgage and thus had standing to enforce the debt by pursuing an in rem mortgage proceeding against the Millers; (2) the Superior Court's denial of the Millers' motion for a continuance was neither arbitrary nor capricious; and (3) there was no basis to review the third issue on appeal. *Id.* at *2-3.

On January 16, 2014, Plaintiff filed an emergency notice of application and ex parte application for temporary restraining order and preliminary injunction, asking this Court to enjoin Defendant and its "officers, agents, servants, employees, affiliates, and attorneys, and those persons in active concert or participation or privities with any of them, from taking possession of" Plaintiff's real property.[1] (D.I. 24 at ¶ 2)

## III. LEGAL STANDARDS

An applicant for a temporary restraining order must meet the same standards as an applicant for a preliminary injunction. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112

---

[1]Although titled "ex parte," Plaintiff served a copy of the motion upon defense counsel.

2

F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (stating temporary restraining order that continued beyond time permissible under Fed. R. Civ. P. 65 must be treated as preliminary injunction and must meet standards applicable to preliminary injunctions); *see also In re FKF Madison Park Group Owner, LLC*, 2011 WL 350306, at *4 (Bankr. D. Del. Jan. 31, 2011). A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.*

## IV. DISCUSSION

Plaintiff seeks to restrain Defendant from taking possession of his real property known as 25205 Mastermark Lane, Millsboro, Delaware. Plaintiff asserts that the taking of his real property is based upon a "void series [of] documents [as] evidence[d] before this court in the complaint." (D.I. 24 at ¶ 4) Plaintiff argues that Defendant is attempting to dispossess him of his property which is unique and irreplaceable and that great and irreparable injury will result to Plaintiff before the matter can be heard.

Plaintiff has failed to demonstrate a likelihood of success on the merits for reasons that begin with the *Rooker-Feldman* doctrine, which prohibits this Court from maintaining subject matter jurisdiction over Plaintiff's request because it effectively seeks to vacate orders of the Superior Court and the Delaware Supreme Court. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers'

3

challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006). The *Rooker-Feldman* doctrine bars Plaintiff's claim because the relief he seeks would require "(1) the federal court [to] determine that the state court judgment was erroneously entered . . . , or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). In the mortgage foreclosure action, the Superior Court ruled against Plaintiff, and this judgment was affirmed by the Delaware Supreme Court. By his present motion, Plaintiff essentially asks this Court to determine that the State Court rulings were erroneously entered and to grant relief in the form of an injunction to preclude Defendant from executing the State Court judgment entered in its favor. The *Rooker-Feldman* doctrine precludes this relief.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will deny the motion for an emergency notice of application and ex parte application for temporary restraining order and preliminary injunction. (D.I. 24) An appropriate Order follows.[2]

---

[2]Although Plaintiff's motion is filed under seal, the Court has not granted permission for it to be sealed and perceives no basis for it being sealed. Accordingly, the Court will direct the Clerk of Court to unseal the motion.

4