IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK MILLER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1938-LPS |
| PENNYMAC CORP., | : |
| Defendant. | : |

Mark L. Miller, Pro Se Plaintiff, Millsboro, Delaware.

David A. Dorey and Adam V. Orlacchio, Esquires, Blank Rome LLP, Wilmington, Delaware. Attorneys for Defendant.

## MEMORANDUM OPINION

August 11, 2014
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Mark L. Miller ("Plaintiff") proceeds *pro se* and has paid the filing fee. He filed this lawsuit pursuant to 28 U.S.C. § 1331 asserting a federal question he contends arises under the laws of the United States. (D.I. 1) Plaintiff challenges a judgment issued in Delaware State Court as "void for lack of subject matter jurisdiction and for want of jurisdiction over the parties." (*Id.* at ¶ 30) This matter was stayed during the pendency of Plaintiff's bankruptcy proceeding. The Court has been advised that the bankruptcy proceeding has been dismissed and, therefore, the matter is no longer stayed. (D.I. 29) Presently before the Court are Defendant PennyMac Corp.'s motion to dismiss (D.I. 5) and Plaintiff's motion for permission for electronic case filing (D.I. 7) and request for default (D.I. 13).

## II. BACKGROUND

Plaintiff initiated this lawsuit on November 19, 2013. (D.I. 1) Prior to filing this lawsuit, the Superior Court in and for Sussex County, Delaware ("Superior Court") had entered judgment in favor of Defendant (the plaintiff in the State court case) and against Plaintiff in the amount of $477,006.46. *See Miller v. PennyMac Corp.*, 2013 WL 5234437 (Del. Sept. 16, 2013). Plaintiff appealed the decision to the Supreme Court of the State of Delaware. The Delaware Supreme Court set forth the following facts:

> On February 12, 2007, the Millers executed and delivered a mortgage agreement to Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit. The mortgage document secured Mark Miller's obligations under a note and became a first priority lien on the Millers' property. The Millers stopped making payments on the loan in July 2008. In December 2008, the Millers were notified that they were in default. The default was not cured, and the loan was accelerated. On May 11, 2009, American Brokers Conduit assigned the mortgage to CitiMortgage. In November 2011, CitiMortgage filed a complaint against the Millers seeking all sums

1

due under the mortgage. On October 4, 2012, CitiMortgage assigned the mortgage to PennyMac. The Superior Court, over the Millers' objection, permitted PennyMac's substitution as plaintiff in the case. Following a trial on January 24, 2013, the Superior Court entered a judgment in PennyMac's favor in the amount of $477,006.46.

*Id.* at *1.

Plaintiff raised three issues on appeal: (1) the Superior Court erred in allowing PennyMac to be substituted for CitiMortgage as the plaintiff; (2) the Superior Court erred in refusing to grant the Miller's request for a continuance and in denying their request to amend their answer; and (3) the Superior Court erred in failing to accept the Millers' defense of avoidance of the mortgage. *Id.* The Delaware Supreme Court affirmed the Superior Court, finding: (1) no error of law in the Superior Court's conclusion that PennyMac was the holder in due course of the note and the mortgage and, thus, had standing to enforce the debt by pursuing an *in rem* mortgage proceeding against the Millers; (2) the Superior Court's denial of the Millers' motion for a continuance was neither arbitrary nor capricious; and (3) there was no basis to review the third claim on appeal. *Id.* at *2-3.

Following the Delaware Supreme Court opinion, Plaintiff filed the instant complaint. (D.I. 1) Count I alleges that Defendant: (1) harassed and belittled Plaintiff in a systematic scheme that resulted in a judgment by a State Court "who relied upon representations made by Defendant that were materially false and are easily recognized on the face of the instruments," and (2) had a duty to fully disclose to the State Court that "the instruments were fatally flawed because of [its] knowledge of the fatal flaws." (D.I. 1) Plaintiff alleges that, as a result of Defendant's unlawful acts, omissions, and unclean hands, he has suffered damages. Count II alleges that the Superior Court's judgment in Case No. S11L-11-067 is "void for lack of subject matter jurisdiction and for want of jurisdiction over the parties." For relief, Plaintiff asks this Court to render the State Court judgment void and of no effect.

2

## III. REQUEST FOR DEFAULT

Defendant was served on November 19, 2013, its answer was due on December 10, 2013, and on December 10, 2013, Defendant filed a motion to dismiss. (*See* D.I. 3, 5) On December 19, 2013, Plaintiff filed a request for default (D.I. 13) pursuant to Fed. R. Civ. P. 55(a).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b) precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459 (D.N.J. Sept. 19, 2006).

Defendant timely filed its motion to dismiss and, therefore, entry of default would be inappropriate. Accordingly, the Court will deny Plaintiff's motion for entry of default.

## IV. MOTION TO DISMISS

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are

true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## B. Discussion

Defendant moves to dismiss the complaint on the grounds that Count I fails state a claim for fraud with the particularity required by Fed. R. Civ. P. 9(b) and Count II is barred by the *Rooker-Feldman* doctrine[1] and *res judicata*. Defendant reads Count I as attempting to allege "some kind of fraud relating to the assignment of the mortgage." (D.I. 5 at 7) It contends dismissal is appropriate because Rule 9(b) requires allegations of fraud to be made with particularity. Plaintiff responds that Count I is "for a standing issue under Article III of the U.S. Constitution and, is not, in any fashion

---

[1] The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

or inference, a claim that was raised" in the State case. (D.I. 19 at 2) He clarifies that he does not raise a fraud claim but, rather, raises a claim that Defendant did not possess standing to prosecute a foreclosure action against him. (*Id.* at 6) With regard to Count II, Plaintiff appears to argue that the *Rooker-Feldman* doctrine and *res judicata* are inapplicable.

In essence, both counts of the complaint are attacks on the State Court judgment of foreclosure. Of note is that Plaintiff is clear he wants this Court to render the State Court judgment void. The *Rooker-Feldman* doctrine prohibits this Court from adjudicating Plaintiff's complaint because it effectively seeks to vacate orders of the Superior Court and the Delaware Supreme Court. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006). The *Rooker-Feldman* doctrine bars Plaintiff's claims because the relief he seeks would require "(1) the federal court [to] determine that the state court judgment was erroneously entered . . . , or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

In the mortgage foreclosure action, the Superior Court ruled against Plaintiff, and this decision was affirmed by the Delaware Supreme Court. Plaintiff's Complaint seeks damages from Defendant for its alleged conduct that resulted in the State Court judgment against Plaintiff as well as a finding that the State Court rulings were erroneously entered. He asks this Court to render the State Court judgment void and of no effect. Thus, he seeks to overturn the foreclosure judgment. The *Rooker-Feldman* doctrine precludes this relief. *See e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 50 (3d Cir. Mar. 28, 2013).

Accordingly, the Court will grant the motion to dismiss.

5

## V. CONCLUSION

For the above reasons, the Court will: (1) grant the motion to dismiss (D.I. 5), (2) deny as moot the motion for permission for electronic case filing (D.I. 7), and (3) deny the request for default (D.I. 13). In addition, the court finds amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002).

An appropriate Order follows.